Lester LAMPKIN, Plaintiff,

v.

Samuel Eugene KELLY,
Defendant/Appellant,

v.

Ethel Dorothy MAAS, Don Placke Toyota, Inc., Globe Insurance Company, Yorktown Indemnity Company, and Pearl Cleveland, Third Party Defendants/Respondents.

No. 55484.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 13, 1989.

Thomas A. Connelly, St. Louis, for defendant/appellant.

Kevin Paul Schnurbusch, St. Louis, William R. Gartenberg, Clayton, Louis Joseph Garavaglia Jr., St. Ann, for third party defendants/respondents.

GARY M. GAERTNER, Judge.

Appellant, Samuel Eugene Kelly, appeals from a declaratory judgment in favor of respondent, Yorktown Indemnity Company (Yorktown). The trial court, Judge Robert G. Dowd, Jr. presiding, determined that there was no agency relationship between Yorktown and either Globe Insurance Company (Globe) or Don Placke Toyota Incorporated (Placke), so as to bind Yorktown to any alleged actions taken or statements made by Globe or Placke. Appellant's sole point on appeal is that the trial court erred in finding the absence of a principal/agent relationship; that Yorktown should be bound by the actions and statements of Globe and Placke which allegedly conferred "full" automobile insurance coverage upon appellant, coverage not restricted to property damage as the policy issued by Yorktown to appellant provided. Finding appellant's contention to be without merit, we affirm.

The evidence reveals that on April 1, 1983, appellant purchased a used car from Placke. Before the purchase, appellant testified that the salesman at Placke informed him that he would need to obtain insurance as the automobile was being financed. Appellant told the salesman that he wanted "full" coverage, including liability coverage. Placke's salesman directed appellant to contact Globe, which appellant contacted and to which he conveyed the same insurance coverage request. Globe quoted appellant a premium cost consisting in part of $300 as a down payment which appellant was directed to leave at Placke's when he picked up the automobile. Appellant testified that the clerk from Globe said that Globe would be obtaining the policy from Yorktown. Appellant conceded that he signed an application for insurance at the Globe office; however, he testified that he did not sign the application for insurance that was eventually sent by Globe to Yorktown. This latter application was clearly denominated as requesting property damage coverage only. Appellant left the $300 at Placke's when he purchased the car.

On April 19, 1983, appellant had an accident involving his newly purchased automobile. At that time, appellant had not received an insurance policy or a declaration's page. Appellant notified Globe of the accident and was told he did not have insurance with Globe. On May 16, 1983, appellant received in the mail a policy from Yorktown which provided only property damage coverage. The property damage to appellant's automobile was paid under this policy. Appellant then sought a declaratory judgment that Yorktown was obligated to provide liability coverage, which request was denied. This appeal ensued.

At the outset, we take cognizance of the appropriate standard of review. We will sustain the trial court's decision unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Harold S. Schwartz & Associates, Inc. v. Continental Casualty Co.*, 705 S.W.2d 494, 497 (Mo. App., E.D.1985).

Appellant maintains that an agency relationship existed between Yorktown and either Globe or Placke. It is firmly established that an insurance agent, acting within the scope of his authority, real or apparent, can bind an insurance company by an oral contract of insurance. *Baker v. St. Paul Fire & Marine Ins. Co.*, 427 S.W.2d 281, 285–86 (Mo.App., W.D.1968). However, where one is not an agent but merely an insurance broker, the general rule is that an insurance broker represents the insured and is not considered an agent of the insurer. *Schimmel Fur Co. v. American Indemnity Co.*, 440 S.W.2d 932, 938 (Mo.1969). One must find special conditions or circumstances in a particular case to warrant the inference that a broker is the agent of the insurer. *Id.* Such prerequisites are not present in this cause of action for the reasons set forth hereinafter.

As to Yorktown, Yorktown never gave Globe the authority to do anything beyond submitting applications for insurance to it for consideration; Globe did not have the authority to issue policies or set

955

terms. Appellant himself testified that he knew Globe would seek to obtain the insurance policy from Yorktown; Globe itself would not issue the policy. And, as to Placke, appellant admitted Placke told him nothing concerning Yorktown as the insurer. There is no evidence that Yorktown cloaked either Globe or Placke with agency authority.

It is correct that Yorktown may have conferred no actual agency authority, express or implied, on Globe or Placke and yet be bound by the actions or statements of Globe or Placke on the basis of apparent authority. This appears to be the gist of appellant's point on appeal. However, a finding of apparent authority requires evidence that the principal has communicated directly with the third party or has knowingly permitted the "agent" to exercise authority. *Hamilton Hauling, Inc. v. GAF Corp.*, 719 S.W.2d 841, 846 (Mo.App., W.D. 1986). Yorktown never directly communicated with appellant during the relevant time period or knowingly permitted Globe or Placke to exercise the authority necessary to issue insurance policies.

The judgment of the trial court is affirmed.

GRIMM, P.J., and KAROHL, J., concur.